PARKER *v.* BALLARD, administrator.

123　441
129　384

1. Where an equitable petition was filed by the administrator of the grantor, seeking to cancel a deed on the ground that the deceased was mentally incapable of making it, that it was procured by fraud and undue influence, and that, while it purported to be made in consideration of services rendered by the grantee to the grantor, no such services were in fact rendered, on the trial the grantee was incompetent to testify that services were in fact rendered to the grantor by himself and his children, and to state the character of such services.

2. The contents of a petition filed in a court of record in a county other than that where the trial took place should be proved by a certified copy of the record, and not by parol.

3. In an equitable action brought by the administrator of the grantor, to cancel a deed on the ground of want of mental capacity on the part

of such grantor to make it, and on the ground that it was procured by fraud and undue influence exercised by the grantee, where it was alleged by the plaintiff that the deed purported to be made in consideration of services rendered to the grantor by the grantee, but that in fact no services were rendered, and that the grantee had been fully paid for any services which he may have rendered, but that, if it should be found that any such services were rendered, the plaintiff was ready and offered to pay the value thereof in order to have the deed cancelled; and where on the trial some evidence was introduced by the defendant to show certain services rendered, but no estimate of their value was made by the witnesses; and where the court submitted special questions of fact to the jury, one of which inquired if any services had been rendered, and, if so, what was their value; and where it does not appear that any objection was made to such question, and no error is assigned in the motion for new trial, or by bill of exceptions, on the submission of that issue, under such circumstances it furnished no ground for a motion for new trial on behalf of the defendant that the jury fixed a valuation upon such services in their verdict, thus finding in his favor such sum.

4. Considering the entire evidence, both that in regard to the question of mental capacity of the grantor to make the deed involved in this case and that introduced by the defendant tending to show recognition of the deed during lucid intervals after it was made, the verdict was supported by the evidence.

Argued May 18,—Decided June 17, 1905.

Equitable petition. Before Judge Lewis. Jasper superior court. December 7, 1904.

R. W. Ballard as administrator of S. R. Parker, deceased, filed an equitable petition against L. B. Parker, in the superior court of Jasper county, seeking to recover certain land, and to have a deed made by the deceased to the defendant cancelled, on the grounds, that the deceased did not have mental capacity to make it, and that it was procured by undue influence. By amendment the plaintiff alleged that the deed sought to be cancelled expressed a consideration of services rendered; that this was wholly fictitious, and no such services were rendered by the defendant to the deceased; that the defendant had been fully paid for any services which he may have rendered; and that, if it should be found that any services were rendered, the plaintiff was ready and offered to pay the value thereof as an offer and tender precedent to having the deed cancelled. Mesne profits were also claimed. The defendant admitted that he was in possession of the land, and claimed it as owner, but denied the substantial allegations on which the plaintiff based his claim for relief. On the trial the evidence was conflicting. The defendant introduced

some evidence to show that he and his children rendered services to the deceased in the latter part of his life, while he was feeble and in bad health. No witness gave any opinion as to the value of such services. The case was submitted to the jury on special questions of fact, and, so far as the record discloses, no objection was made to the questions propounded. The jury, in answer to them, found that the deed was void for want of mental capacity on the part of the maker; that a reasonable rental value of the land was $150, and that the defendant rendered services to the deceased of the value of $150. A motion for a new trial was overruled, and the defendant excepted.

*Fleming Jordan & Son,* for plaintiff in error.
*Greene F. Johnson,* contra.

LUMPKIN, J. (After stating the facts.) 1. The administrator of the grantor being the plaintiff in the proceeding to cancel the deed, the purported consideration of which was services rendered to the deceased by the defendant, the latter was an incompetent witness to testify that he and his children had rendered services to the deceased. The rendering of such services by him was a transaction between him and the deceased. Moreover, services rendered by his children were irrelevant except in so far as they might be treated on the same basis as services rendered by him, on the ground that he was entitled to such service. Civil Code, § 5269; Acts 1900, p. 57.

2-4. The other rulings complained of sufficiently appear in the headnotes, except as to the finding of the jury in regard to the value of the services of the defendant. The plaintiff sought to cancel the deed of the defendant, on the ground that the grantor was non compos mentis. On its face it purported to be made upon a consideration of services rendered and to be rendered. The plaintiff denied that any such services had been rendered, and claimed that they were altogether fictitious. But he alleged, that, if it should appear that any such services had in fact been rendered, he was ready and offered to pay the value thereof before having the deed cancelled. As he denied that there were any such services, and only made the offer to do equity in the case if it should be found that there were any, it was not incumbent on him to disprove his own case by in-

troducing evidence to show that there were such services and what was their value.   On the trial the defendant introduced evidence for the purpose of showing that some services were rendered, but did not prove what they were worth.   The court submitted the case to the jury upon special questions of fact, one of which inquired, "Were any services rendered S. R. Parker by the defendant, and, if so, what is the value of such services?"   In answer to this the jury found the value to be $150.   No exception or objection appears to have been taken at the time to the submission of this issue to the jury, nor does the motion for a new trial or the bill of exceptions contain any exception or assignment of error to such submission.   The motion for new trial alleges only that the finding of the jury as to the value of such services was contrary to the evidence, and without evidence to support it.   Under these circumstances, if the jury, after having found that the grantor did not have mental capacity to make a deed, put a valuation upon the defendant's services from the best information which was furnished them, we are of the opinion that it would not furnish a ground for new trial at the instance of the defendant.   If the plaintiff were complaining of such finding, perhaps the case might be different. But the verdict seems to have been in favor of the defendant for more than, in strictness, he may have been entitled to.

   *Judgment affirmed.   All the Justices concur, except Simmons, C. J., absent.*