DECIDED FEBRUARY 20, 1932.

21418. GREENWOOD *v.* GREENWOOD, administrator.

STEPHENS, J. 1. Any defense which inures to the benefit of the maker of a note, whether it is a set-off or a payment upon the note, inures to the benefit of a surety upon the note. Where a suit upon a note was instituted by the personal representative of the deceased payee, against two defendants, and one of the defendants admitted the execution of the note and pleaded an agreement with the deceased payee which amounted to a payment on the note, and also pleaded as a set-off the value of services rendered by the defendant to the deceased, although upon the trial of the case it appeared from undisputed evidence that his wife, the other defendant, was not liable upon the note, because she was a surety thereon for a debt of her husband, which defense she had pleaded, neither defendant was competent to testify as a witness for the defend-

ant principal as to transactions or communications between either of the defendants and the deceased payee of the note. Civil Code (1910), § 5858 (1).

2. The court properly excluded from evidence the testimony of both defendants as to an agreement made by the deceased with the defendant who was the principal maker of the note, allowing as a credit on the note the amount of a payment made by him for the benefit of the deceased.

3. Since the rendition of services by one person to another is a transaction between them, neither of the defendants was competent to testify that the principal maker of the note took care of and provided for the deceased. The court properly excluded the testimony of both defendants to this effect. *Parker* v. *Ballard*, 123 *Ga.* 441 (51 S. E. 465).

4. Other than the evidence indicated above, which was properly excluded, no evidence was introduced or offered sufficient to sustain the defensive pleas interposed by the principal maker of the note as defendant; and the evidence being sufficient to authorize the verdict found for the plaintiff against this defendant in the amount found as principal and interest and attorney's fees, the verdict was authorized and no error of law appears. The superior court did not err in overruling the certiorari.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
>
> DECIDED FEBRUARY 20, 1932.

Description, and counsel's names, as in No. 21416, ante.

