ISON, administrator, *v.* GEIGER, executor, *et al.*

No. 10377. Nᴏᴠᴇᴍʙᴇʀ 19, 1934.

*Harvey J. Kennedy,* for plaintiff.
*Beck, Goodrich & Beck,* for defendants.

Hᴜᴛᴄʜᴇsᴏɴ, J. Miss Lethia L. Reid brought suit against L. H. Geiger and W. R. Geiger as executors of the estate of H. H. Geiger, alleging in substance that the defendants are proceeding to sell certain lands described in said petition, under power of sale contained in a security deed dated October 22, 1923, a copy of which is attached to the petition, showing that it was signed by the petitioner together with N. R. Reid, Marvin Reid, and Kate Reid;

that she is eighty years old; that at the time of the execution of the deed she could neither read nor write, her hearing was defective, and her sight impaired; that her mind "naturally become weaker," and at times she did not realize what she was doing; that she has been sick for practically ten years, and her physical condition contributed to her mental condition at the time the deed was supposed to have been signed; that H. H. Geiger knew she was in no condition mentally or physically to sign said deed; that he and petitioner's brother, N. R. Reid, told her they had some papers for her to sign, that they did not amount to much, and would never hurt her; that, relying on the relationship existing between her and her brother and nephew, she did on the following day sign the paper; that the execution of the deed was without consideration to her; that undue influence was exercised upon her to gain her signature; and that her mind was so weakened that it was not her voluntary act. She prayed that the defendants be enjoined from selling said property under the power of sale; that the deed be canceled as a cloud on her title; and that she have such other relief as might seem equitable. By amendment it was alleged that the property had been sold and bought by W. R. Geiger; that this suit was pending at the time of the sale; that she and N. R. Reid were joint owners of said property; and she elaborated her allegation of undue influence and duress, and prayed that W. R. Geiger be made a party defendant, that he be restrained from ousting petitioner from the property, and that W. R. Geiger and L. H. Geiger as executors be restrained from executing a deed to the purchaser at said sale. A general demurrer filed by the defendants was sustained, and the petition was dismissed. The plaintiff excepted. The petitioner died, and H. J. Ison, administrator of her estate, has been made a party.

■ A person is insane when he or she is not possessed of sufficient mind and reason for a full and clear understanding of the nature and consequence of his or her act in making the contract. *Frizzell* v. *Reed, 77 Ga.* 724. In the case at bar the petition contained the following allegations: "That plaintiff is an old woman, being in fact eighty years old, and at the time said purported deed was signed or said to have been signed by her she could neither read nor write, her hearing was defective, and her eyesight greatly impaired. All of these facts were well known to H. H. Geiger,

the grantee in said deed. . . That with advancing years plaintiff's mind has naturally become weaker, and at times she did not realize what she was doing. That in addition thereto plaintiff has been sick practically all the time for the last ten years, and at times would fall while walking; and she shows that her physical condition has contributed a great deal toward her present mental condition. Plaintiff shows that she was in this condition at the time said deed was supposed to have been signed, and that said H. H. Geiger knew that she was in no condition either mentally or physically to sign said deed." These allegations were sufficient to show that the plaintiff was incapable of making the deed, and the general demurrer should not have been sustained. *Barlow* v. *Strange,* 120 *Ga.* 1015 (48 S. E. 344); *Eagan* v. *Conway,* 115 *Ga.* 130 (41 S. E. 493).

■ Undue influence and duress were alleged in a general way; and if the defendants desired more specific information as to the elements comprising such undue influence and duress, they could have obtained them by special demurrer. Where a petition alleges mental incapacity, and also alleges undue influence, fraud, and duress, if either of such allegations is sufficient to set out a cause of action, the petition is good as against general demurrer. *Taylor* v. *Warren,* 175 *Ga.* 800-802 (166 S. E. 225). Argument is presented by defendants that the exercise of undue influence, if such was exercised, is shown by the petition not to have occurred at the time of the execution of the instrument. It is not necessary that such showing should be made, as time is not an element of undue influence. Undue influence exercised to-day may continue to sway a mind for many days in the future, especially if that mind be weak and impaired. See *Trust Co.* v. *Ivey,* 178 *Ga.* 629-641 (173 S. E. 648), where it was held that such undue influence may continue to exist even after the death of the person exerting it. However, if the petition be construed as not containing sufficient allegations as to fraud or undue influence, but does contain sufficient allegations to show mental incapacity, it would not be subject to general demurrer; and this would be true if the petition showed fraud and duress and failed to show mental incapacity. *Taylor* v. *Warren,* supra.

■ The petition as amended shows on its face that petitioner was not the owner of the entire fee in the land at the time of execution of the deed; and she does not pray for cancellation of the

deed in part, but as a whole. It shows further that W. R. Geiger, who became the purchaser at the sale, became the owner of at least an interest in the land, and thereby became a tenant in common with petitioner. A petition having for its object the ousting of a tenant in common from his interest in property is not maintainable by a cotenant. *Thompson* v. *Sanders,* 113 *Ga.* 1024-1026 (39 S. E. 419). There is nothing in the petition to show that the pleader intended to ask for a judgment cancelling the deed in part and upholding it in part. However, if the petitioner should desire to ask for a judgment cancelling the deed in part and upholding it in part, the pleadings may always be adjusted to the evidence produced on the trial. The question to be considered is whether the petition alleges such title to the lands involved as would support a decree in favor of the plaintiff for any relief. *Wade* v. *Wade,* 139 *Ga.* 62 (76 S. E. 563). It was error to sustain the general demurrer.     *Judgment reversed. All the Justices concur.*