Thomas *v.* Dumas, by guardian.

Candler, Justice. 1. Although grounds 4 to 9, inclusive, of the amended motion for new trial are set up as special grounds following the general grounds numbered 1 to 3, inclusive, all of them are merely elaborations of the general grounds. In the brief of the plaintiff in error, these grounds are summarized as follows: "(1) The verdict was without competent evidence to support it because: (a) there was no competent evidence of mental incapacity to justify canceling deeds; (b) there was no competent evidence of fraud to justify canceling deeds and excusing restitution; (c) there was no competent evidence of fraud to support allowance of attorney's fees." It is the exclusive province of the jury to determine the credibility of witnesses and make findings of fact. *Smith* v. *Aldredge,* 192 *Ga.* 376 (2) (15 S. E. 2d, 430); *Williams* v. *Barnes,* 181 *Ga.* 514 (2) (182 S. E. 897). The question of mental capacity to made a deed is a question of fact to be determined by a jury. *Jones* v. *Hogans,* 197 *Ga.* 404 (29 S. E. 2d, 568). "Fraud and undue influence can rarely be established by direct proof, but slight evidence of fraud and undue influence may authorize a jury to cancel a deed." *Arnold* v. *Freeman,* 181 *Ga.* 654 (3) (183 S. E. 811). As shown by the statement of facts in the instant case, there was competent and sufficient evidence to authorize the verdict, and the general grounds, as well as grounds 4 to 9, inclusive, are without merit.

2. It is complained in ground 10 that a verdict and judgment for the

plaintiff were unauthorized in the absence of any lawful tender and offer of restitution. Assuming, but not deciding, that the acts of the defendant shown in the statement of facts did not amount to a tender or waiver of tender, it nevertheless appears from competent evidence of a witness that the grantee at the time he took the deeds had notice of the insanity of the grantor, and failure to make restitution or tender of restitution would not prevent cancellation of the deeds at the instance of the guardian appointed subsequently. *Dean* v. *Goings,* 184 *Ga.* 698 (2) (192 S. E. 826); *Cheves-Green & Co.* v. *Horton,* 177 *Ga.* 525 (2) (170 S. E. 491); *Stanley* v. *Stanley,* 179 *Ga.* 135 (175 S. E. 496).

3. In ground 11 of his amended motion, the plaintiff in error contends that the court erred in charging the jury as follows: "To establish incapacity in the grantor, she must have been shown to have been, at the time the deed was made, non compos mentis, which means entirely without understanding. To establish incapacity in the grantor, it is sufficient to show that she did not have such mind and reason equal to a clear understanding of the nature and consequence of her act in signing the deed; for one who has not the strength of mind and reason equal to a clear and full understanding of her act in signing the deed is one who is afflicted with an entire loss of understanding. If the plaintiff has shown by a preponderance of the evidence in this case that at the time of signing either of the deeds referred to she was without the mental capacity requisite under the rule given you in charge, then you would find in favor of this contention." The charge complained of was not erroneous as stating an incorrect principle of law or as being confusing or for any reason assigned. *Durrett* v. *McWhorter,* 161 *Ga.* 179, 186 (9) (129 S. E. 870); *DeNieff* v. *Howell,* 138 *Ga.* 248 (5) (75 S. E. 203); *Taylor* v. *Warren,* 175 *Ga.* 800 (1) (166 S. E. 225); *Ison* v. *Geiger,* 179 *Ga.* 798 (1) (177 S. E. 596); *Higgins* v. *Trentham,* 186 *Ga.* 264 (2) (197 S. E. 862).

4. The final contention of the plaintiff in error is that the court erred in the failure to submit a charge he had requested in writing as follows: "The plaintiff charges that the defendant in this case has been stubbornly litigious and has caused her unnecessary expense, and asks judgment against the defendant for attorney's fees to be fixed by the jury, by reason of the bad faith of the defendant and his stubborn litigiousness and unnecessary trouble and expense caused the plaintiff. Code section 20-1404 of the Code of Georgia says: 'The expenses of litigation are not generally allowed as part of the damages; but if the defendant has acted in bad faith or has been stubbornly litigious or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.' It is to be noted that the Code section quoted above contains the clause 'or has caused the plaintiff unnecessary trouble and expense.' It may be assumed that every suit causes the plaintiff some trouble and expense, but this is not what the statute has in mind. One of the provisions of the bill of rights contained in the Constitution of this State declares that 'No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this state in person or by attorney, or both. This is a privilege to the defendant as well as to the plaintiff. Where there is a bona fide controversy for

the tribunals to settle, and the parties cannot adjust it amicably, there should be no burdening of one with the counsel fees of the other, unless there has been wanton or excessive indulgence in litigation.'" It will be noticed that practically all of the requested charge, except the first sentence, consists of an isolated excerpt quoted from the opinion in *West* v. *Haas*, 191 *Ga.* 569, 575 (13 S. E. 2d, 376), but omitted therefrom is the distinction that the court, speaking through Mr. Justice Grice, had made between the case he was writing and another, in which he said: "In *O'Neal* v. *Spivey*, 167 *Ga.* 176, 180 (145 S. E. 71), where an award by the jury of attorney's fees was upheld, they were claimed, so it is stated in the opinion, by reason of a stubborn and litigious spirit shown by the defendant in connection with the transaction. They are not asked for here on any such ground." In *O'Neal* v. *Spivey*, supra, after quoting the section of the Code, now § 20-1404, then § 4392 of the 1910 Code, the court held: "Any one of these three species of bad conduct may authorize a recovery of attorney's fees under the provisions of this Code section. Acting in bad faith, or being stubbornly litigious, or causing the plaintiff unnecessary trouble or expense might in a particular case suffice to authorize a finding for attorney's fees." Under the facts of the instant case and the evidence, as shown in the statement of facts herein, the requested charge was not properly adjusted thereto and it was not error for the court to refuse to give it in the charge to the jury.

*Judgment affirmed. All the Justices concur.*

No. 17125. JULY 12, 1950.

*Jones, Jones & Sparks, David L. Mincey,* and *John B. Miller,* for plaintiff in error.

*Edward F. Taylor* and *D. L. Churchwell,* contra.