18841. GREEN, by next friend, *v.* WEEMS *et al.*

WYATT, Presiding Justice. Mary L. Darden, as next friend for Pinkie Green, brought suit against Bennie Weems and E. W. McMillan to cancel a deed executed by Pinkie Green to Bennie Weems and a deed executed by Bennie Weems to E. W. McMillan, upon the ground that Pinkie Green was mentally incapable of executing a deed at the time the deed was executed, and to recover certain personal property. General and special demurrres were filed to the petition. The special demurrers were not passed upon, but the general demurrer was sustained and the petition was dismissed. The exception here is to that judgment. *Held:*

1. The petition in this case alleged that "said Pinkie Green was old and feeble at the time of the death of her husband and the shock of his loss greatly disturbed her mental capacity; that during the latter part of 1949 and early part of 1950 the said Pinkie Green did become completely unbalanced mentally and she has ever since remained of unsound mind, being forgetful, not knowing her whereabouts, not caring for her attire and incapable of asserting her rights." It is further alleged that the actions of the defendants in securing deeds to and possession of the property, "were done at a time when the said Pinkie Green was incapable of comprehending what she was doing, and that she then and now has no recollection of said action, which fact is well known to both defendants." It was also alleged that both defendants at the time the deeds were executed knew that Pinkie Green was mentally incapable of making a contract. Under these circumstances, it was error to sustain the general demurrer. See *Ison* v. *Geiger,* 179 *Ga.* 798 (177 S. E. 596); *Egan* v. *Conway,* 115 *Ga.* 130 (41 S. E. 493); *Taylor* v. *Warren,* 175 *Ga.* 800 (166 S. E. 225); *Whiteley* v. *Downs,* 174 *Ga.* 839 (164 S. E. 318); *Morris* v. *Mobley,* 171 *Ga.* 224 (155 S. E. 8).

2. "Where the allegations of a petition are sufficient to set up mental incapacity, the fact that allegations of undue influence or fraud are not sufficient does not render the petition subject to general demurrer." *Ison* v. *Geiger,* supra.

3. When a trial judge hears argument on a demurrer to a petition, takes the case under consideration, giving to the plaintiff the right to offer an amendment, the amendment is filed, the demurrers are renewed, and no request is made by either side for further argument, it is not error to pass upon the demurrers without further argument.

4. For reasons stated in division one of this opinion, the judgment of the court below must be

*Reversed. All the Justices concur.*

SUBMITTED FEBRUARY 15, 1955—DECIDED MARCH 15, 1955.

Wilbur H. Underwood, Jr., for plaintiff in error.
Victor K. Meador, S. S. Robinson, contra.