20811.   KENNER *et al. v.* KENNER *et al.*

SUBMITTED FEBRUARY 8, 1960—DECIDED MARCH 16, 1960—
REHEARING DENIED MARCH 30, 1960.

S. T. Allen, for plaintiffs in error.

QUILLIAN, Justice. 1. The general demurrer was properly overruled. The petition alleges that the deed in question was executed on August 30, 1946; that Howell Kenner was from July 27, 1934, until the date of his death on April 27, 1954, in Milledgeville State Hospital, mentally incompetent and incapable of contracting or understanding the nature of a contract; that he required constant supervision to keep him from wandering away; that during the entire time he had no lucid intervals.

The only argument made by the plaintiff in error is to the effect that *Kenner* v. *Kenner*, 92 *Ga. App.* 851 (90 S. E. 2d 33), and *Kenner* v. *Kenner*, 214 *Ga.* 381 (104 S. E. 2d 896), referred to in the statement of facts, are controlling in this case. Just how these cases are deemed to be controlling is not clear from the argument in this case. However, in neither of the above cases, which incidentally are between parties different from those in the instant case, was the question of title adjudicated, nor was the question of the validity or invalidity of the deed or the competency or incompetency of the maker of the deed considered.

It follows that, since the petition set out facts sufficient to show that Howell Kenner was not competent to make a deed at the time the deed was made, it was not erroneous to overrule a general demurrer to the petition seeking to cancel and set aside the deed in question.

2. The special demurrer to paragraph 3 of the petition raising the question of the non-joinder of necessary parties will not be considered because this paragraph has been amended since the demurrer was filed and certain parties were added as parties defendant.

3. The other questions presented by the record in this case not having been argued in this court will be considered as abandoned.

*Judgment affirmed. All the Justices concur.*