## 21477. KENNER v. FIELDS.

CANDLER, Justice. The Court of Appeals and this court have previously dealt with four cases from which this one stems. See *Kenner v. Kenner*, 92 Ga. App. 851 (90 SE2d 33); *Kenner v. Kenner*, 214 Ga. 381 (104 SE2d 896); *Kenner v. Kenner*, 214 Ga. 680 (107 SE2d 185); and *Kenner v. Kenner*, 215 Ga. 809 (113 SE2d 624). Those cases involve a controversy between the widow and children of Howell Kenner, deceased, respecting certain realty in Fulton County which he formerly owned. A dispossessory warrant which Harris Kenner sued out on February 1, 1955, to evict Queenie and Lois Kenner from such realty was the beginning of the protracted litigation between the surviving members of his family. The record shows that H. P. Fields signed, as surety, bonds in three of those cases, which obligated him and his principals, jointly and severally, to pay the eventual condemnation money in such cases and all subsequent costs. On March 15, 1960, Harris Kenner filed with and had the clerk of the Superior Court of Fulton County to record in the proper docket of his office a lis pendens notice. Such notice described certain realty owned by H. P. Fields and recited that the realty described therein and owned by him was involved in three pending suits between surviving members of Howell Kenner's family because he had signed as surety the aforementioned eventual condemnation-money bonds.

On July 10, 1961, H. P. Fields filed a suit against Harris Kenner, in which he prayed for damages allegedly flowing to him as

the result of the recorded lis pendens notice and for a judgment ordering and directing the clerk of the Superior Court of Fulton County to cancel the record of the lis pendens notice which Kenner had filed. His petition alleges that his realty is not involved in any of the suits mentioned in the lis pendens notice. The defendant moved to dismiss the suit on the ground "that it has no predicate and cannot be maintained as a separate suit" from the ones in which the plaintiff signed as surety the eventual condemnation-money bonds. He also answered the petition and denied all of its substantial allegations and prayed that such suit be consolidated with the pending suits in which Fields had signed as surety the aforementioned bonds. Under § 2 of the Summary Judgments Act of 1959 (Ga. L. 1959, p. 234; *Code Ann. Supp.* § 110-1202) plaintiff gave the required notice and asked for a hearing on that part of his petition which sought cancellation of the recorded lis pendens notice. On the hearing the defendant's motion to dismiss the amended petition was denied, and two of the aforementioned eventual condemnation-money bonds were introduced in evidence. Other evidence was also introduced. When the introduction of evidence closed, the court denied the defendant's motion to dismiss the petition and rendered a judgment ordering and directing the clerk of that court to cancel by proper entry the record of the lis pendens notice. The defendant excepted. *Held*:

Section 1 of an act that the legislature passed in 1939 (Ga. L. 1939, p. 345) declares: " . . . no suit, whether seeking legal or equitable relief, or both, as to real property in this State, shall operate as a lis pendens as to any such real property involved therein until there shall have been filed in the office of the clerk of the superior court of the county where such real property is situated and shall have been recorded by such clerk in a book to be kept by him for the purpose, a notice of the institution of such suit, containing the names of the parties, the time of the institution of the suit, the name of the court in which it is pending, a description of the real property involved and a statement of the relief sought as to such property." *Code Ann. Supp.* § 67-2801. From a casual reading of the quoted section of the act, it is clearly apparent that the plaintiff Fields' realty is not involved in any of the pending suits referred to in the lis pendens notice which

Harris Kenner filed for record. The word "involved" as used in such act refers only to the realty actually and directly brought into litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property. The suits mentioned in Kenner's lis pendens notice involve only realty formerly owned by Howell Kenner, the present ownership of which the surviving members of his family are litigating in the suits referred to in the lis pendens notice. The only purpose of the lis pendens statute is to notify persons who are not parties to a pending suit involving realty that any judgment or decree rendered in the cause will be binding on them, and, since no realty owned by the plaintiff Fields is involved in any of the suits mentioned in the defendant Kenner's lis pendens notice, the trial judge did not err in denying an oral motion to dismiss the petition (*Waycross Military Assn., Inc. v. Hiers,* 209 Ga. 812 (1), 76 SE2d 486) or in rendering a summary judgment which ordered and directed the clerk of the Superior Court of Fulton County to cancel the record of the lis pendens notice which the defendant Harris Kenner filed and caused to be recorded in such office.

*Judgment affirmed. All the Justices concur.*

Submitted March 12, 1962—Decided April 5, 1962.

*S. T. Allen, John Hollis Allen,* for plaintiff in error. *Vester M. Ownby, John L. Lee,* contra.