23222. SIMMONS v. WATSON, Guardian.

766

Submitted December 13, 1965—Decided February 10, 1966.

Fred E. Bartlett, Jr., for appellant.
J. Neely Peacock, Jr., for appellee.

Mobley, Justice.   Mrs. J. C. Watson, as guardian of J. C. Watson, who had been adjudged mentally incompetent in December, 1962, filed a petition against Joe E. Simmons, Mary Ann Simmons and Whaley Robison seeking to cancel a contract for the sale of land made in August of 1961, and for $13,766 in damages.   The material allegations of the petition are that J. C. Watson was mentally incompetent to make a valid contract at the time it was made, that to induce Watson to contract to buy the property, defendants carried out a fraudulent scheme by which Robison, a real estate dealer, entered into a partnership with Watson to buy the property and then resell it at a big profit for commercial use, defendants knowing at the time that the property was restricted to residential purposes until 1996, but that Robison represented to Watson that it was a wonderful commercial buy, and that Robison had at all times acted in behalf of the Simmonses and not Watson, that Watson paid a total of $13,766 toward the purchase of the property, that Robison had promised to put up $5,000 but had not paid anything on the purchase of it, and that defendants had unjustly enriched themselves by this fraudulent scheme.   On the trial of

the case, the jury returned a verdict in favor of the plaintiff for $2,500.

Defendants, Mary Ann Simmons and Joe E. Simmons, had moved for a directed verdict at the close of the evidence and the trial judge denied the motion. Mary Ann Simmons filed a motion for judgment notwithstanding the verdict and a motion for new trial on the general grounds. The trial judge overruled both motions and Mary Ann Simmons, appellant, excepts to these rulings enumerating them as error.

■ The lower court overruled the general demurrer to the petition. This ruling is not excepted to in the enumeration of errors. Thus, the petition states a cause of action for the relief sought by virtue of the fact that the judgment overruling the demurrer became the law of the case. *Dye v. Alexander*, 195 Ga. 676 (1) (25 SE2d 419); *Pierpont Mfg. Co. v. City of Savannah*, 153 Ga. 455 (112 SE 462).

■ We consider the errors assigned on the denial of the motion for directed verdict and the denial of the motion for judgment notwithstanding the verdict together. Although it is well settled that it is never error to refuse to direct a verdict (*Carawan v. Carawan*, 203 Ga. 325 (5) (46 SE2d 588); *First National Bank of Birmingham v. Carmichael*, 198 Ga. 309, 315 (31 SE2d 811)), this court must consider such ruling when the appellant excepts to the denial of a motion for judgment notwithstanding the verdict under the holding in *Daniel v. Weeks*, 217 Ga. 388, 396 (1) (122 SE2d 564) that, "A motion for a judgment notwithstanding the verdict may be granted only when a valid motion for a directed verdict has been made by the movant and erroneously denied. *Code Ann.* § 110-113 (Ga. L. 1953, pp. 440, 444; Ga. L. 1957, pp. 224, 236). A motion for a directed verdict is in order only where there is no conflict in the evidence and a verdict in the movant's favor is demanded."

The evidence was clearly in conflict on the question of whether plaintiff's incompetent was mentally incompetent to make the contract for the sale of the property at the time it was made. Both sides offered testimony by several witnesses on this single issue. Plaintiff's mental incompetency constitutes the material issue in this case, since it alone is sufficient to authorize can-

cellation of the contract and deed. *Code* § 20-206; *Kenner v. Kenner*, 215 Ga. 809 (113 SE2d 624); *Green v. Weems*, 211 Ga. 468 (86 SE2d 503). The allegations of fraud are not essential in this case for recovery of the relief sought. *Whiteley v. Downs*, 174 Ga. 839 (4) (164 SE 318); *Ison v. Geiger*, 179 Ga. 798 (177 SE 596).

The verdict awarding plaintiff's incompetent $2,500 in damages was supported by the testimony showing that plaintiff's incompetent had paid the Simmonses over $13,000 toward the purchase of the property resulting in unjust enrichment of the defendants. The judgment on the verdict is within the equitable jurisdiction of the court ". . . to grant full and complete relief, either legal or equitable, as to all purposes relating to the subject matter," including the grant to the plaintiff's incompetent of any damages to which he may be entitled. *Ammons v. Central of Ga. R. Co.*, 215 Ga. 758, 764 (113 SE2d 438); *Code* § 37-105.

Because the evidence was in conflict and did not demand a verdict for defendants and, since there was evidence authorizing the award of damages to plaintiff's incompetent, the trial court properly denied defendant's motion for directed verdict and the motion for judgment notwithstanding the verdict.

■ The final assignment of error is upon the order denying defendant's motion for new trial. As it is based solely upon the general grounds, the lower court did not err in denying the motion if there is any evidence to support the verdict and judgment. *Schuster v. Schuster*, 221 Ga. 614 (146 SE2d 636); *Shaw v. Miller*, 213 Ga. 511, 513 (100 SE2d 179). There was testimony which would authorize the jury to find that plaintiff's incompetent was mentally incompetent at the time of the transaction with the defendants, that defendants knew that the property was restricted to residential uses until 1996, that defendant Robison was actually the agent of Mary Ann Simmons and Joe E. Simmons and that plaintiff's incompetent had paid over $13,000 to Robison and the other defendants toward the purchase of the property but that Robison paid nothing, except for crediting his commission toward the purchase price, after promising to pay $3,500 as his share in the partnership venture. There being evidence to support the material allegations of the

petition, the trial court did not err in denying defendant's motion for new trial.

4. The headnote requires no further elaboration.

*Judgment affirmed. All the Justices concur.*