## 29652. HILL v. L/A MANAGEMENT CORPORATION et al.

HILL, Justice.

James D. Hill filed a complaint in Fulton Superior Court on September 12, 1974. The suit was in two counts, one for damages for breach of contract, and the other for specific performance of parts of that contract or, alternatively, damages for breach of such parts.

The contract was one of employment, the plaintiff being the employee. It provided that the employee would be paid certain sums (the basis of Count 1 of the complaint) and would be entitled to receive an "equity interest" in certain developments or projects (the basis of Count 2), it being within the sole discretion of the employer as to whether such equity interest would be a general partnership, limited partnership, joint venture or co-tenancy.

On September 12 and 13, 1974, plaintiff filed notices of lis pendens with respect to specified tracts of land in which he claimed interests.

On September 27, 1974, defendants tendered to plaintiff a proposed limited partnership agreement which partnership would be the owner of one of these tracts, identified as Martha's Vineyard Condominiums.

Also on September 27, 1974, defendants filed a motion to cancel lis pendens on the Martha's Vineyard property and an affidavit stating that the equity interest demanded by the plaintiff in Count 2 of his complaint had been tendered to his attorney and refused; that the plaintiff refused to release the notice of lis pendens filed on said real property; and that unless the lis pendens was removed the defendants would be unable to draw on a construction loan on the project in the amount of $71,000, due October 4, 1974. Defendants submitted documents showing that title to the property was vested in the limited partnership in which defendants Lafkowitz and Austin were the general partners. ·

A hearing was set for September 30, 1974. On that date plaintiff filed an amendment to his complaint in which he alleged that the partnership agreement tendered by defendants was arbitrary, unreasonable, and

unconscionable, as well as violative of his employment contract, the fiduciary obligations imposed on limited partners, and provisions of the state and federal securities laws.

At the hearing evidence was considered and argument of counsel heard. Defendants presented evidence that the lis pendens filed by plaintiff would cause the lender to refuse to disburse any future draws under the terms of a loan agreement on the project being developed on the property in issue; that the draw on the project was due early in October; and that if the draw was not received the sub-contractors could not be paid.

At the hearing counsel for the plaintiff acknowledged that it was within the defendants' discretion to satisfy the obligation of the employment contract by means of a limited partnership but argued that the terms of the tendered agreement were so favorable to the general partners as not to satisfy that obligation.

The trial court concluded from the evidence presented that the litigation was over how much the plaintiff was going to receive under his employment contract and how he was going to receive it, which was a jury question; and that as a practical matter it would be better for all concerned, including plaintiff, to let construction on the project proceed. He thereupon granted the motion to cancel the lis pendens as to the Martha's Vineyard tract on the ground that the suit did not involve real property but dealt with the plaintiff's interest in a limited partnership. The trial court certified the appeal for immediate review.

1. The clear meaning of Ga. L. 1939, pp. 345, 346 (Code Ann. § 67-2801 et seq.) is that notice of lis pendens may be recorded as to suits in which "real property [is] involved." Code Ann. § 67-2801; *Kenner v. Fields,* 217 Ga. 745 (125 SE2d 44). That law in no way applies to suits involving personal property. Code Ann. § 67-2804.

The question on this appeal is whether plaintiff's suit "involved" real property within the meaning of Code Ann. § 67-2801.

In *Kenner v. Fields,* supra, 217 Ga. p. 747, the court said: "The word 'involved' as used in such Act refers only

to the realty actually and directly brought into litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property."

If plaintiff ultimately prevails in this litigation, he will receive damages (Count 1) and a limited partnership interest in the Martha's Vineyard Condominiums (Count 2).[1]

In Georgia, a limited partner's interest in the partnership is personal property. Code Ann. § 75-419. Like Georgia, New York's Limited Partnership Act (Laws of 1919, Ch. 408, Sec. 52) provides that a limited partnership interest is personal property. Under that Act it has been said: "An interest in a limited partnership—even a partnership that deals solely in real estate—is personalty, not realty. [Cit]. The individuals who contributed to the partnership acquired no title to the real property which was eventually acquired by the partnership. They merely acquired a prorata share of the partnership profits and surplus, which is personalty (Altman v. Altman, 271 App. Div. 884 [67 NYS2d 119], affd. 297 N. Y. 973 [80 NE2d 359]." Reiter v. Greenberg, 21 N. Y. 2d 388, 391 (235 NE2d 118). See also In re Panitz & Co., 270 FSupp. 448, 453, approved in Hammerman v. Arlington Federal Savings &c. Assn., 385 F2d 835.

Plaintiff's suit, insofar as it involved any interest in Martha's Vineyard, does not involve real property within the meaning of Code Ann. § 67-2801 so as to entitle plaintiff to file notice of lis pendens.

Although Code Ann. § 67-2803 provides means for recording the removal of a properly filed notice of lis pendens, a lis pendens not entitled to be recorded may be removed by court order by means and for causes other than those prescribed in Code Ann. § 67-2803. *Kenner v.*

---

[1]Naturally, we express no opinion whatsoever on the ultimate questions to be decided in this litigation. Nor do we express any opinion as to what the decision in this case might have been if plaintiff's employment contract had entitled him to a direct interest in the real property as a matter of right. Cf. *Wright v. Edmondson,* 189 Ga. 310 (2) (5 SE2d 769).

*Fields,* supra.

The trial court did not err in ordering removal of the lis pendens on the Martha's Vineyard Condominiums.

2. Plaintiff's argument that it was error to hold a hearing on the motion to cancel lis pendens on the Monday after the Friday on which the order allowing such hearing was signed is likewise without merit. Plaintiff seeks equitable relief in regard to establishing his interest under the limited partnership agreement. These issues must be resolved at trial. With the evidence presented at the hearing that the project would be endangered if the lis pendens were continued and the bank draw refused, it was clearly neither inequitable nor an abuse of discretion for the judge to set the hearing less than three days after the motion to cancel lis pendens was filed. Code §§ 37-104, 37-105. The overruling of plaintiff's motion for continuance grounded upon Rule 11 of the rules of the Superior Court of Fulton County was not error.

3. The remaining issues pertaining to the alleged unreasonableness of the powers of the general partners as provided in the proposed limited partnership must be determined upon the trial of the case.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 7, 1975 — DECIDED MAY 6, 1975.

*Katz, Paller & Land, G. Roger Land,* for appellant.

*Cofer, Beauchamp & Hawes, Robert S. Jones,* for L/A Management Corporation.

*Rice & Hardy, Leon L. Rice, III, Max B. Hardy, Jr.,* for Lafkowitz.