The FEDERAL DEPOSIT INSURANCE CORPORATION

v.

Walter J. McCLOUD, II, Charles S. Wilder, Jr., Jackie W. McCloud, Shirley C. Wilder, J. Ronald Hannon, Miles H. Hannon, Harvie J. Ewing, Jr., Mack L. Meeks, Evelyn Phillips Ewing, Charlotte C. Meeks, Phyllis S. Hannon, Jeanette H. Hannon, Craftsbury, Inc., and Gwinnett Commercial Bank.

Civ. A. No. C79–315A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 11, 1979.

Albert Sidney Johnson, Harmon W. Caldwell, Jr., Johnson & Montgomery, Atlanta, Ga., for plaintiff.

Dennis M. Hall, Macey & Zusmann, Atlanta, Ga., for Evelyn Ewing, Charlotte Meeks, Phyllis Hannon, Jeanette Hannon and Craftsbury, Inc.

E. Penn Nicholson, Atlanta, Ga., for Jackie McCloud and Shirley Wilder.

G. Hughel Harrison and John F. Doran, Jr., Lawrenceville, Ga., for defendant Gwinnett Commercial Bank.

Randall L. Hughes and Charles E. Kuntz, Dodd, Driver, Connell & Hughes, Atlanta, Ga., for defendants Walter J. McCloud, II and Charles S. Wilder, Jr.

H. A. Stephens, Jr., Brackett, Arnall & Stephens, Atlanta, Ga., for defendants J. Ronald Hannon, Miles Hannon, Harvie J. Ewing, Jr. and Mack L. Meeks.

Henry Hall Ware, III, A. Felton Jenkins, Jr., and George S. Branch, King & Spalding, Atlanta, Ga., for Gwinnett Commercial Bank.

ORDER

TIDWELL, District Judge.

Defendants in the above-styled matter have filed a Motion to Dissolve Notice of Lis Pendens.

Plaintiff brought this action to have a foreclosure sale conducted by Defendants set aside, and sued for damages. The property foreclosed upon is located in Gwinnett County, Georgia, and consists of approximately 260 acres.

The Complaint alleges that after the foreclosure sale was conducted, Defendants J. Ronald Hannon, Miles H. Hannon, Harvie J. Ewing, Jr., and Mack L. Meeks fraudulently purchased the property, later conveying a large portion to Defendant Craftsbury, Inc., and a remaining 38-acre portion to their wives, Defendants Phyllis S. Hannon, Jeanette H. Hannon, Evelyn Phillips Ewing and Charlotte C. Meeks. This latter tract was in turn purportedly transferred by warranty deed to eleven individuals ("Transferees").

The present controversy results from the fact that the Notice of Lis Pendens for the tract in question lists the names of the Transferees among the "parties".

The statutory requirements for filing a lis pendens relating to Georgia realty are set out in *Ga.Code Ann.* § 67–2801. The statute requires that notice of the institution of a suit as to real property in the State contain, among other things, the "names of the parties". *Id.* While the statute does not explicitly state that *only* parties to the pending suit must be listed in the notice, it stands to reason that if the purpose of the statute is to notify *"persons who are not parties to a pending suit"* of the binding effect of any judgment or decree rendered therein, *see Kenner v. Fields,* 217 Ga. 745, 747, 125 S.E.2d 44, 45 (1962) (emphasis supplied), then "parties" as used in the statute must relate only to actual parties to the pending suit. Therefore, when the notice in question recites that "[t]he names of the parties are as follows:" in an attempt to comply with the statutory requirements, "parties" as used therein should be interpreted as relating only to persons that are actual parties to the pending litigation.

Plaintiff earlier unsuccessfully attempted to join the Transferees as parties in this action (see order of July 30, 1979, O'Kelley, J.). It is therefore clear that even if the Transferees were or are potential parties in this case, they are not "parties" within the meaning of the statute.

Other than the erroneous reference to the Transferees as "parties", however, there appears to be no reason for dissolving the notice. The subject property can be said to be actually and directly "involved" in the litigation by the pleadings in the present suit (as to which some relief is sought respecting this particular property). *See Kenner, supra,* at pp. 746–7, 125 S.E.2d 44; *Ga.Code Ann.* § 67–2801.

There is authority for the proposition that a lis pendens may be amended to correct some mistake. *See generally,* 54 C.J.S. Lis Pendens § 26. The Court therefore concludes that the lis pendens in question should be amended by striking the names of those persons who are not actual parties to this action (wherever those persons are erroneously referred to as "parties"). In particular Plaintiff is hereby ordered to direct and cause the Clerk of the Superior Court of Gwinnett County, and the Clerk is so authorized, to strike the names "Corbit W. Clark, Jerry V. Poole, Joseph J. Anderson, J. E. Juhan, Ronald R. Hicks, James B. Hayes, Dolores G. Hayes, C. B. Snider, Louise G. Snider, Dwight Newton and Brenda D. Newton" from the second paragraph of the Notice of Lis Pendens within five days from the entry of this Order. In all other respects, Defendant's Motion to Dissolve Notice of Lis Pendens is hereby overruled and denied.