A93A1078. SOUTH RIVER FARMS et al. v. BEARDEN et al.
(435 SE2d 516)

POPE, Chief Judge.

Plaintiffs, South River Farms and the other owners of certain real property, brought this action against defendants James and

Janice Bearden to cancel the notices of lis pendens filed against the property and prayed for damages for slander and libel of title to the property. The trial court granted the Beardens' motion to dismiss the complaint for failure to state a claim and plaintiffs appeal.

The notices of lis pendens were filed in conjunction with a pleading entitled "Notice of Intent to Sue" the Beardens filed, pro se, in Webster County against the plaintiffs in this case. The pleading alleges, inter alia, the plaintiffs violated the Beardens' due process and property rights "secured by the 5th and 14th Amendments of the United States Constitution and Article I, #1, #3 and #16 of the Idaho State Constitution."[1] The record shows the action initiated by the Beardens arose out of continuing friction and bad relations between them and Mr. Ed Simmons who, along with the other plaintiffs, were neighboring landowners. Apparently, the Beardens claimed plaintiffs had harassed them and prevented them from peaceful enjoyment of their property rights. The action in no way related to any claim against the real property owned by plaintiffs. Based on this action in Webster County, the Beardens filed several notices of lis pendens on parcels of land owned by plaintiffs in several counties.

We conclude the trial court erred in dismissing plaintiffs' complaint on the ground that it did not state a claim on which relief may be granted. "Under the Lis Pendens Statute, notice of lis pendens may be recorded only as to suits in which real property is 'involved.' OCGA § 44-14-610; *Hill v. L/A Mgt. Corp.*, [234 Ga. 341 (216 SE2d 97) (1975)]. 'In *Kenner v. Fields* (217 Ga. 745 (125 SE2d 44) (1962)), the court said: "The word 'involved' as used in such Act refers only to the realty actually and directly brought into litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property." ' *Hill*, supra, 234 Ga. at p. 342. 'A classic example of such a suit is one which seeks to have a prior conveyance of the property set aside or declared null and void. *Wilson v. Blake Perry Realty Co.*, 219 Ga. 57 (131 SE2d 555) (1963).' *Evans v. Fulton Nat. Mtg. Corp.*, [168 Ga. App. 600 (309 SE2d 884) (1983)]." *Jay Jenkins Co. v. Financial Planning Dynamics*, 256 Ga. 39, 41 (1) (343 SE2d 487) (1986). In the case now before us, the underlying lawsuit on which the lis pendens were based in no way "involved" the property against which the lis pendens were filed. The Beardens admitted in deposition testimony that they made no claim of interest or ownership in plaintiffs' property. The Beardens' claim was essentially one for a money judgment. "At common law and under statutory provi-

---

[1] Although no explanation appears in the record concerning why the pleading referred to the Idaho Constitution, the Beardens testified on deposition that they were assisted by an out-of-state attorney who had filed such actions in other states and apparently the Beardens merely copied the pleadings provided to them by the attorney.

sions lis pendens may not be predicated upon an action or suit which seeks merely to recover a money judgment." *Watson v. Whatley*, 218 Ga. 86, 88 (2) (126 SE2d 621) (1962). Thus, the lis pendens were improperly filed.

The Beardens argue they are entitled to the statutory privilege afforded allegations contained in court pleadings. In support of this contention the Beardens rely upon cases in which lis pendens were properly filed because the underlying suit involved a claim to the property. See, e.g., *Ferguson v. Atlantic Land &c. Corp.*, 248 Ga. 69 (281 SE2d 545) (1981); *Panfel v. Boyd*, 187 Ga. App. 639 (371 SE2d 222) (1988); *Berger v. Shea*, 150 Ga. App. 812 (258 SE2d 621) (1979). The filing of a proper lis pendens is subject to the defense of privilege concerning the allegations contained in court pleadings, as set forth in OCGA § 51-5-8, because "the effect of a lis pendens is to give constructive notice of all the facts apparent upon the face of the pleadings," and if the facts alleged in the pleadings are privileged, then the lis pendens must also be privileged. (Citation, punctuation and emphasis omitted.) *Berger v. Shea*, 150 Ga. App. at 813. Where, as here, the facts in the pleadings on which the lis pendens are based do not relate to any claim against the property, the privilege is inapplicable. Pursuant to OCGA § 51-5-8, the privilege for allegations made in court pleadings apply only to those *"which are pertinent and material to the relief sought. . . ."* (Emphasis supplied.) The Beardens are not entitled to immunity for filing the lis pendens because the allegation in the notices that the property was subject to their Webster County action was not pertinent or material to the relief sought in the Webster County action, which had nothing to do with the property made subject to the lis pendens.

We also reject the Beardens' argument that plaintiffs have made no claim for which they could recover damages. In *Bell v. King, Phipps & Assoc.*, 176 Ga. App. 702 (337 SE2d 364) (1985), cited by the Beardens, the claimants presented no evidence of special damages from the alleged wrongful filing of a lis pendens and thus the trial court's grant of summary judgment to defendants was upheld. In this case, however, the record contains evidence from which a jury could find damages, including evidence that plaintiffs lost a contract for sale of one parcel of land on which a lis pendens was filed when the contracting purchaser discovered the notice of lis pendens and evidence that plaintiffs were required to obtain a quitclaim deed and cancellation of lis pendens from the Beardens in order to sell certain other parcels of land. Under the factual circumstance of this case, the claim made by plaintiffs is one on which relief may be granted. See *Kenner v. Fields*, 217 Ga. 745 (125 SE2d 44) 1962).

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 1, 1993.

*Reagan W. Dean*, for appellants.
*Denney, Pease, Allison, Kirk & Lomax, John W. Denney*, for appellees.