SHIVER *vs.* BENTLEY, administrator.

That property was seized by an officer and sold is generally inadmissible evidence without producing the officer's authority for the seizure, or accounting for its non-production.

May 9, 1887.

Evidence. Before Judge HANSELL. Brooks Superior Court. May Term, 1886.

Jordan brought trover against Shiver to recover a horse. On the trial, it appeared that the plaintiff had swapped horses with the defendant, giving the horse sued for for a mare, and that he claimed to have been defrauded in the trade by misrepresentations as to the quality of the mare. The jury found for the plaintiff $125.00, or the horse and $40.00 damages. The defendant moved for a new trial on a number of grounds, among them being that the court admitted evidence to show that the horse traded by the defendant to plaintiff had been levied on and sold under a *fi. fa.* and brought $40.00. The objection was that the *fi. fa.* was higher evidence of the fact. The court required the $40 damages and $15 of the principal amount found to be written off, and thereupon refused a new trial. The defendant excepted.

JOHN G. McCALL, for plaintiff in error.

DAN. W. ROUNTREE, for defendant.

BLECKLEY, Chief Justice.

Jordan and Shiver exchanged horses. Very soon after the swap was consummated, Jordan applied for a recission, tendered back the horse he got, and demanded the one he gave. The reason he assigned for his dissatisfaction was that the horse tendered back would not work, and Shiver had represented that he would work, and knew he was wanted for that purpose. Shiver refused to rescind, held

on to his new horse, and converted him to his own use. Jordan thereupon brought statutory complaint in the nature of trover, to recover the horse or its value. The jury found in his favor, and a motion made by Shiver for a new trial was overruled.

In the pleadings, there was nothing alleged concerning fraud. The declaration merely set up title in the plaintiff and conversion by the defendant. At the trial, the main reliance of the plaintiff was upon fraud in misrepresenting the other horse as a work horse, but the case was so conducted as to afford glimpses in the background of fraud by concealment of some lien by mortgage or otherwise resting upon the horse at the time of the swap. There was no proper legal evidence of such a lien, and yet the court admitted parol evidence, over the defendant's objection, that this horse had, after recission was demanded and refused, been seized and sold by a levying officer. No authority for the seizure and sale was produced, and no attempt was made to account for not producing it. The acts of the officer were therefore irrelevant. That the property was seized by an officer and sold is generally inadmissible evidence without producing the officer's authority for the seizure, or accounting for its non-production. *Clarke vs. Trawick*, 56 *Ga.* 359. The jury may have been influenced in their finding by the fact that the horse received by Jordan in the exchange was taken from him by the officer and sold, for there is considerable conflict in the testimony as to whether the horse would work or not.

The new trial moved for should have been granted, because of the admission of this illegal evidence.

Judgment reversed.