## 3930.   WALTON *v.* MITCHELL.

The verdict for the claimant is supported by evidence, the court did not err in ruling as to the admissibility of testimony, and there was no abuse of discretion in overruling the motion for a new trial.

DECIDED MAY 22, 1912.

Levy and claim; from city court of Madison—Judge Anderson. October 13, 1911.

*M. C. Few,* for plaintiff.   *E. H. George,* contra.

RUSSELL, J.   The plaintiff in error caused mortgage fi. fas. to be levied upon certain personal property, which was thereupon claimed by the defendant in error.   There was ample testimony to have authorized the jury to find the property in dispute subject to the levy, but, on the other hand, there was, in behalf of the claimant, testimony which, if credible, equally justified the verdict rendered in her favor.   For this reason, under the invariable rulings of this court, we can not disturb the verdict, unless there appears in the record some error, prejudicial to the losing party, which necessarily affected and contributed to the result reached.   The claimant testified, that the mules levied upon were the increase of a gray mare which she had herself purchased, and which had never been the property of her husband, who was defendant in fi. fa.   She and her witness also testified that the cattle involved in the litigation were the progeny of a cow originally given her by a female relative. The jury evidently took this view of the case, and, therefore, the only question involved is whether the court erred in those rulings which are the basis of the special assignments of error in the motion for a new trial.

The court repelled the evidence of a witness who sought to testify that Joe Mitchell, the defendant in fi. fa., told him that the gray mules were his.   The court did not err in this ruling, because it does not appear when Joe Mitchell made the statement, and declarations made by a defendant in fi. fa. after a levy are never admissible.   The defendant in fi. fa. can not be permitted to talk away the rights of either the plaintiff in fi. fa. or the claimant.   If

these admissions of Joe Mitchell were made before the levy, they were declarations in his own interest, and if made after the levy, for the reason just stated they would not be admissible at all.

The court refused to allow the plaintiff to testify that he gave to the defendant in fi. fa. money to pay for the foaling of one of the gray mules, and that he paid Mr. Tucker a mortgage fi. fa. which had been levied upon the mule. In regard to this testimony it is sufficient to say that if the ruling was erroneous, it could not have been harmful to the plaintiff; for, later in the trial, he was permitted to testify that he gave a check for foaling the gray mule to Kilpatrick for Joe Mitchell.

That the plaintiff in fi. fa. tried to get the defendant in fi. fa., at the time of Tucker's levy, to give the mare up, and that he refused to do so, and that thereupon the plaintiff in fi. fa. paid off Tucker's mortgage, was irrelevant to the issue, and not in any way inconsistent with the claimant's assertion of title. Furthermore, evidence of a levy of a fi. fa., or of its discharge or transfer, should be in writing, and there was no effort to show that the Tucker mortgage, or the fi. fa. based upon it, had been lost. The fact that Joe Mitchell did mortgage the mule in question would not of itself affect the claimant's title, if the mule was in fact her property; for it must be borne in mind that, according to the uncontradicted testimony, the claimant was in possession, and that the plaintiff in fi. fa., upon this theory, assumed the burden of proof and took the opening and closing in this case.

As to the testimony of Tucker as to a conversation which was said to have occurred between himself, Mrs. Callie Spearman, and Joe Mitchell in 1896, the assignment of error is not so approved and verified as to enable us to consider it. From a note of the trial judge it appears that a part of this testimony was not ruled out. The part rejected was properly repelled, because the statements purporting to have been made were not made in the presence of the claimant, whom it was sought to charge thereby, and were inadmissible, as hearsay. The court certifies that after the jury returned, no effort was made to introduce that portion of the testimony which the court held to be competent.

The refusal of the written request to charge was not error, because, under the provisions of section 3651 of the Civil Code (1910), the right of ownership in the increase of animals follows

the title to the mother, and the mere fact that the defendant in fi. fa. might have paid the foaling fee or fed the colts could not give him title, unless there was an express contract to this effect. This conduct on the part of the defendant in fi. fa. would only have created an indebtedness to him on the part of the claimant. But even if this were not true, the refusal of the court to charge as requested can not be reviewed by exceptions pendente lite. Error should have been assigned in the motion for a new trial.

*Judgment affirmed.*