## STANLEY *et al. v.* CITY OF GLENNVILLE *et al.*

1. Where title was conveyed by an individual to trustees of the Baptist Institute of the Baptist Union Association, which had been incorporated (whether by consent of the Union Association or not), and such trustees, with the consent of the Union Association, conveyed the property to the deacons of a certain Baptist Church, referring in the deed to a resolution of the Association which made certain provisions as to the conducting of the school on the property by the grantees, and declared that in case of a willful violation thereof "the deed should be nulled and void, and the property revert back to the association," if this reference constituted the resolution a part of the deed and created a condition subsequent, upon a breach thereof the title would revert to the trustees of the institute, and would not pass to the unincorporated Baptist Union or its individual members.

(a) The plaintiffs were not shown to be trustees of the institute; but it was alleged that they were the executive committee of another named Baptist Association, and were trustees of each of the two associations, appointed for the purpose of bringing this suit and recovering and holding the property in trust for the members of such associations.

(b) The other association did not appear from the petition to have any interest in the transaction.

2. If the Union Association should be considered as principals and the trustees of the institute as agents, the resolution passed by the former, fairly construed, authorized a conveyance of the school property, and not merely of the house, with no land.

(a) A principal can not receive and hold the proceeds of a sale by his agent and at the same time attack the authority of the agent to sell.

JULY 18, 1913.

Equitable petition. Before Judge Sheppard. Tattnall superior court. April 4, 1912.

*Way & Burkhalter,* for plaintiffs.

*Hines & Jordan* and *C. L. Cowart,* for defendants.

LUMPKIN, J. A petition was filed by Stanley and others, "in their own behalf and as the executive committee and trustees of an organized religious society known as the Tattnall Baptist Association, and a religious society known as the Baptist Union Association." It was alleged that the Tattnall Baptist Association was composed of fifteen churches with a total membership of 1145, and that the Baptist Union Association was composed of eight churches having a total membership of 608. The purpose was to have a deed from the trustees of the Baptist Institute to the deacons of the Philadelphia Baptist Church of the Union Association and one from the latter to the City of Glennville canceled, and to obtain other incidental relief. The petition was dismissed on demurrer, and the plaintiffs excepted.

1. The petition did not disclose that the Tattnall Baptist Association had any interest in the matter at all. It did allege in the first paragraph that the plaintiffs and the members of the two associations were joint owners of the tract of land to recover which suit was brought against the City of Glennville. But in the fourth paragraph the plaintiffs alleged that they and the parties represented by them acquired title under a deed executed on October 13, 1891, by James J. Barnard to George W. Smith and others, "as trustees of the Baptist Institute of the Baptist Union Association, and their successors, the said parties named as trustees being, at the time of the said conveyance, trustees of the said Baptist Union Association and incorporated as such trustees by the superior court of the said county of Tattnall on the 13th day of April, 1891, for the purpose of receiving the said property and holding the same in trust for the members of the said Baptist Union Association and for the purposes of promoting the general design and looking after the general interest of a school or academy to be established on the said lot or parcel of land to be known as the Baptist Institute of the Baptist Union Association." It will thus be seen that while

the plaintiffs alleged that the members of the Tattnall Baptist Association were part owners of the property, the deed under which they claimed showed no interest in the members of that association.

We will therefore consider the matter only with reference to the Baptist Union Association. That association had no title conveyed to it or its members, but the title was conveyed to trustees of an institute, who had been incorporated for the purpose, as alleged in the original petition. And though by amendment it was alleged that the trustees of the institute as such obtained a charter from the superior court after their appointment by the Baptist Union Association as trustees of the institute, and without any authority from the Baptist Union Association for that purpose, this did not make the conveyance operate as one to general trustees of a church for church purposes; but, whether they were incorporated or not, the deed conveyed the title to the trustees of the institute. These trustees, who held the legal title, made a conveyance to the Deacons of the Philadelphia Missionary Baptist Church. The deed contained a recital that it was made in pursuance of a resolution passed by the Union Baptist Association. From a copy of the resolution attached to the plaintiffs' petition it appears that it was resolved that the association should convey the property to the Philadelphia Baptist Church. Certain provisions were therein made in regard to the manner in which the institute should be conducted, and it was declared that for a willful violation of any of such provisions "the deed should be nulled and void, and the property revert back to the Union Association." If the deed from the trustees of the institute to the Deacons of the Philadelphia Baptist Church was rendered null and void by reason of the breach of a condition subsequent on the part of the grantees, the title would be in the grantors; and this is true whether the grantors be considered as individuals or as forming a body corporate  There could not be a reversion to those who never had title. The language of the resolution can not be construed as creating a conditional limitation over to a third person. Moreover, it does not appear that the Baptist Union Association was incorporated, so as to be able to take title or to bring suit as an entity. *Kelsey* v *Jackson,* 123 *Ga.* 113 (50 S. E. 951). The trustees of the institute were not parties, and it did not appear that the plaintiffs were successors to those who signed the deed. According to the allegations, it seems that the plaintiffs were elected trustees of

the two Baptist associations, for the purpose of suing and holding what they might recover. They were not trustees of the institute, but rather trustees for litigation. Nor could the plaintiffs as trustees of such association, or as individuals, bring suit to recover the property, based on a reversion because of a condition subsequent broken, inasmuch as it does not appear that the plaintiffs in any capacity ever had title, or that there was any reversion to them. In so far, therefore, as the case is based upon the idea of a reversion because of the breach of a condition subsequent on the part of the deacons of the Philadelphia Baptist Church, the plaintiffs showed no title which they could enforce.

2. The plaintiffs also sought to deny the authority of the trustees of the institute to sell anything but the building. While one part of the resolution declared that "the building known as the Baptist Institute of Glennville" should be conveyed to the Philadelphia Baptist Church of Glennville, yet in other parts of the resolution reference was made to the school property as a whole, and to the operation of it as a whole. Fairly construed, it is evident that it was intended that the school lot, as well as the house itself, should be conveyed. Moreover, if it were sought to attack the act of the grantors on the ground that they were agents who exceeded their authority, it appeared that a consideration was paid, and there was nothing to show that the alleged principals did not receive and retain such consideration, or that they ever tendered it back.

The plaintiffs showed no title in themselves, and there was no error in sustaining the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*