### 11537.  SHIPPEN v. WALKER.

STEPHENS, J.  1. Where one, with knowledge that another has performed certain service in his behalf, voluntarily accepts the benefit of the services, such acceptance amounts to a ratification of the act of the person performing the services, and the person benefited becomes liable to him for the value of the services rendered.  See, in this connection, *Stanley* v. *Glennville,* 140 *Ga.* 306 (78 S. E. 1064).

2. Where a suit has been instituted in behalf of a plaintiff by an attorney at law, and the plaintiff, with knowledge of the pendency of the suit and

of the services performed by the attorney, prevents the latter from further proceeding in the case, and, without the assistance of the attorney who instituted the suit, proceeds upon the suit filed and obtains a judgment against the defendant and collects the amount of the judgment, the plaintiff by such conduct ratifies the acts of the attorney in managing the suit prior to his displacement by the plaintiff, and is liable to the attorney for the value of such services rendered.

3. In a suit afterwards instituted by the attorney against the plaintiff in the former suit, to recover the value of the services rendered by the attorney, where the undisputed evidence showed the above facts, a verdict for the attorney, holding the former plaintiff liable for the services rendered, was demanded by the evidence; and it is not necessary to inquire into any alleged error in the charge of the court which could have influenced the verdict only upon the question of liability.

4. The only issue was as to the value of the services rendered by the attorney, and the evidence authorized the inference that they were worth the amount of the verdict rendered.

5. It was not error to overrule the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 15, 1921.

Complaint; from Cobb superior court — Judge Blair. April 15, 1920.

*J. Z. Foster,* for plaintiff in error, cited 137 *Ga.* 355 (*b*), 357.

*Clay & Blair,* contra, cited: 20 *Ga. App.* 221 (3); 113 *Ga.* 289 (3); 140 *Ga.* 306; Civil Code (1910), § 3591.