## 22887.   SMITH et al. v. BROWN.

CANDLER, Justice.   Desse Brown filed a suit against Effie Brown Smith and W. H. Smith, his daughter and son-in-law, to cancel a deed to certain realty he gave his daughter on January 6, 1962.   The material allegations of the petition are: Petitioner was 72 years old when the deed he seeks to cancel was executed and delivered to his daughter.   It conveyed to her his home and about 25 acres of fertile land at Stilson in Bulloch County.   No money was paid him for the property. His daughter and son-in-law orally agreed that if he would convey the property to his daughter in fee simple, they would move to it and care for him during the remainder of his life. Since the deed was executed and recorded, they have refused to move to the property and take care of him and in September 1962 they advised him that they had no intention of moving to it but were selling their home in Savannah and moving to Brunswick, Georgia.   The defendants' agreement with him was falsely and fraudulently made by them and when it was made they did not intend to move to his home and care for him during the remainder of his life but the agreement was made by them with an intent at that time to deceive and injure him. Paragraph 13 of his petition alleges that he resided with the defendants at their home in Savannah, Georgia, from January 2, 1962, until September 22, 1962, relying upon their promise that they would move to Stilson and fulfill their promises.   A general demurrer to the petition was overruled and the defendant excepted to that judgment.   *Held:*

Where a grantor seeks to cancel a deed on the ground of fraud, he must, before instituting his action for such equitable relief, restore or tender to the grantee any benefit he has received thereunder if it be of any value to him.   *Code* § 20-906. *Williams v. Fouche,* 157 Ga. 227 (1) (121 SE 217); *Wheeler v. Pioneer Investments, Inc.,* 217 Ga. 367 (122 SE2d 518) and the cases there cited.   In the instant case the petition alleges that plaintiff resided with and was cared for by the defendants at their home in Savannah from January 2 to September 22, 1962, and it does not allege that he paid or tendered to the defendants any compensation for the care and support he received from them during such period.   In these circumstances, the petition failed to state a cause of action for the equitable relief sought and the court erred in overruling

the general demurrer thereto. This error rendered all subsequent proceedings taken in the case nugatory.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 8, 1965—DECIDED APRIL 8, 1965—REHEARING DENIED APRIL 20, 1965.

*Aaron Kravitch, Phyllis Kravitch, John Wright Jones,* for plaintiffs in error.

*Findley, Shea, Gannam, Head & Buchsbaum, Michael A. Gannam, Allen & Edenfield,* contra.