42247. HODGE v. SAVANNAH OFFICE SUPPLY & BUSINESS MACHINE COMPANY.

SUBMITTED SEPTEMBER 13, 1966—DECIDED SEPTEMBER 20, 1966.

*Walter W. Hinely*, for appellant.
*James Edward McAleer*, for appellee.

NICHOLS, Presiding Judge. The gist of count 1 of the petition as amended is that the defendant held a bill of sale to secure debt on certain personal property from Lamar Freeman,

that a part of this personalty made up some of the assets of the plaintiff, that the plaintiff had purchased the personal property from Freeman, and that the defendant had foreclosed the bill of sale and levied "on all of the inventory, accounts receivable, contract rights, furniture, fixtures, equipment, tools, bank accounts and cash located on the premises known as 4701 Montgomery Street, Savannah, Chatham County, Georgia." The petition then alleges the purpose of such levy was to coerce the plaintiff into surrendering its entire assets to the defendant to the detriment of its employees, creditors, officers and stockholders, and that the aforesaid was abuse for which the process used was not intended.

"Malicious abuse of legal process occurs when a plaintiff in a civil proceeding wilfully misapplies the process of a court in order to obtain an object which the process is not intended by law to effect. *Clement v. Orr,* 4 Ga. App. 117 (60 SE 1017); *McElreath v. Gross,* 23 Ga. App. 287 (98 SE 190); *Roberts v. Willys-Overland, Inc.,* 27 Ga. App. 304 (108 SE 138); *Robinson v. Commercial Credit Co.,* 37 Ga. App. 291 (139 SE 915). The test is whether the process has been used to accomplish some unlawful end, or to compel the defendant to do some collateral thing which he could not legally be compelled to do. 'Two elements are necessary to an action for the malicious abuse of legal process: first, the existence of an ulterior motive; and, second, an act in the use of the process not proper in the regular prosecution of the proceeding. Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process.' *Davison-Paxon Co. v. Walker,* 174 Ga. 532, 536 (163 SE 212)." *Whitehead v. Southern Discount Co.,* 109 Ga. App. 126 (135 SE2d 496).

The allegations in count 1 of the petition in the case sub judice—that the defendant caused property not covered by the bill of sale to secure debt to be levied upon for the purpose of coercing the plaintiff into surrendering control of its business to the defendant—were sufficient to withstand the defendant's general demurrer to such count of the petition as amended and the judgment of the trial court overruling such demurrer was not error for any reason assigned.

*Judgment affirmed. Hall and Deen, JJ., concur.*