49212. GOODWIN AGENCY, INC. v. CHESSER.

STOLZ, Judge.

Plaintiff, appellee, brought suit against defendant, appellant, in the Municipal Court of Columbus, Georgia, to recover $117.83 special damages, $3,500 general damages and $1,000 attorney fees based on the defendant's wrongful *abuse* of the process of that court.

The facts giving rise to the action and the evidence adduced therein are as follows: On October 15, 1969, the appellant, a collection agency, filed suit in the Municipal Court of Columbus, Georgia, against the appellee and her former husband to recover $109.18 as a transferee of J. A. Kirven Co., in Columbus, Georgia. Summons was served upon the appellee's husband on October 16, 1969. The appellee and her husband had a valid defense to the

suit, to wit, that the suit was barred by the statute of limitation. The existence of the valid defense was communicated to counsel for the appellant by counsel for the appellee within the period for filing a defensive pleading. Counsel for the appellant acknowledged the validity of the defense and stated that he would dismiss the pending action brought by the appellant against the appellee. Thereafter, a copy of a letter dated November 7, 1969, from counsel for the appellant asking that the suit then pending in Municipal Court of Columbus, Georgia between the appellant and the appellee, be dismissed, was received by counsel for the appellee. Counsel for the appellee's husband filed no defensive pleading because of the statements of counsel for the appellant and because of his receipt of the copy of a letter to the Clerk of Municipal Court of Columbus. Nevertheless, judgment by default was entered against the appellee in favor of the appellant on November 19, 1969, for $109.18 plus costs of court. The appellee had no knowledge of the existence of any judgment against her until March, 1973, when execution was made to enforce the 1969 judgment against her. The appellant sought execution of the 1969 judgment on March 11, 1973, by a levy upon the personal property of the appellee. The evidence shows that, on March 11, 1973, five men in automobiles and trucks came to the home of the appellee and informed her that, unless they received $117.83 in cash, her car would be seized. The appellee saw her neighbors watching this occurrence. The appellee drove to a local bank, accompanied by a Marshal of Municipal Court, to obtain the necessary cash; she then paid $117.83 to satisfy the judgment. The appellee was embarrassed and upset by the occurrences of March 11, 1973. To the best knowledge of the appellee, she did not owe the appellant $117.83. Shortly thereafter, she found a copy of the letter dated November 7, 1969, purporting to dismiss the 1969 suit brought against her by the appellant; she then went to her attorney. On June 6, 1973, counsel for the appellee, by letter, demanded from the appellant the return of the $117.83 to the appellee; enclosed with the demand letter was the "dismissal" letter of counsel for the appellant. The appellant received

the demand letter, and the appellant's manager, Mrs. Asa Goodwin, then took the letter to her attorney. Counsel for the appellant responded by letter of June 8, 1973, to counsel for the appellee that the appellant would repay $117.83 to the appellee, yet no money was received from the appellant. Counsel for the appellee then wrote another letter to counsel for the appellant on June 14, 1973, informing it that the money had not been received by the appellee. Still no repayment was made by the appellant. On August 2, 1973, the appellee filed the present action.

While the complaint was captioned "Action for Malicious Use of Process," a reading of the complaint readily reveals that the suit is one for a wrongful abuse of process. The defendant's answer was a denial of all allegations of the complaint and a statement that the complaint failed to state a claim. The case came on for trial with the evidence produced as heretofore recited. At the conclusion of the evidence, the plaintiff moved for and obtained a directed verdict for $117.83, leaving the general damages and attorney fees to the jury. The defendant appeals. *Held:*

1. The verdicts, both directed and by the jury, and judgments entered thereon were authorized by the evidence. The defendant's first enumeration of error is not meritorious.

2. The defendant's second enumeration of error cites as error the refusal of the trial judge "to grant defendant's motion to dismiss on the grounds that there was no showing of any determination of the prior legal proceeding in favor of the defendant."

Generally, malicious *use* of legal process implies an ulterior motive in procuring the issuance of process, whereas abuse of legal process involves an improper use after its issuance. In malicious *use* of legal process cases, it is incumbent upon the complaining party to show a successful termination of the previous litigation. Such prerequisite of a successful termination does not exist in an action for malicious *abuse* of process. *West Ga. Pulpwood &c. Co. v. Stephens,* 128 Ga. App. 864, 868 (1) (198 SE2d 420) and cits. " 'There is a malicious abuse of process where a party employs process legally and

properly issued, wrongfully and unlawfully for a purpose which it is not intended by law to effect; and for such malicious abuse of civil or criminal process an action will lie against the plaintiff or the officer responsible for the abuse.' 19 Am. & Eng. Enc. L. (2d Ed.) 630; Newell on Malicious Prosecution, § 7; *Porter v. Johnson,* 96 Ga. 145." *Mullins v. Matthews,* 122 Ga. 286, 289 (50 SE 101).

The defendant's second enumeration of error is without merit.

3. There was no error in the trial judge's directing a verdict in the amount of $117.83 and leaving the amount of general damages and attorney fees to the jury. The amount in the directed verdict was the exact amount of the execution the plaintiff was required to pay. If she was entitled to a penny, she was entitled to the full amount she paid to satisfy the execution. This left for the jury to decide whether the plaintiff had suffered any general damages and whether the plaintiff was entitled to attorney fees, and, if so, in what amount. These issues were resolved by the jury.

*Judgment affirmed. Deen and Webb, JJ., concur.*

Argued April 3, 1974 — Decided April 24, 1974.

*Pearce & Sanders, H. Norwood Pearce,* for appellant.
*Hirsch, Beil & Partin, John P. Partin,* for appellee.