## 34139. FERGUSON v. GOLF COURSE CONSULTANTS, INC. et al.

PER CURIAM.

Ferguson appeals from an order granting summary judgment in favor of Atlantic Land and Development Corporation and the First National Bank of Brunswick that was entered in his action to quiet title brought in rem pursuant to Code Ann. § 37-1411, et seq.

His complaint in equity alleged that the claims adverse to his claimed fee simple interest were based upon a certain writing that purported to be a warranty deed from him to Golf Course Consultants, Inc. He alleged that he did not sign the deed and that it was a forgery.

He enumerates as error the grant of summary judgment to various other persons, firms and corporations, but the order from which he appealed related alone to Atlantic and First National. Accordingly, these other enumerations of error present nothing for review.

The record before this court is massive, and the business relationships between the many alleged claimants are complex. However, the material facts not genuinely in issue are few and may be stated briefly.

Ferguson and Ullman had an oral joint venture relating to the subject tract of land. Ferguson had bought the land in his own name from one of Ullman's corporations to help Ullman avoid foreclosure by a lender named Robinson. Ferguson and Ullman orally agreed for another Ullman corporation to develop the land, for Ullman to find a buyer, and for the proceeds to be divided between Ferguson and Ullman when Ullman found a buyer.

Without first consulting with Ferguson, Ullman signed Ferguson's name on the instrument in question and thereafter told Ferguson about the sale. Ferguson was glad to hear about the sale and to receive a check from Ullman representing part of the proceeds of the sale. Ferguson deposited the proceeds of this check into his

personal account and spent at least part of them. Ferguson thereafter wanted Ullman to pay him additional sums in return for his not raising any issue as to the signature by Ullman. When Ullman refused, this suit was filed. According to Ferguson's own testimony, he neither made an attempt to return the money nor did he tender it to the court.

Equity will regard the actions of Ferguson in knowingly consenting to the sale in return for financial benefits as a ratification of the signature of Ullman on the deed. *Whitley v. James,* 121 Ga. 521 (4) (49 SE 600) (1904). Ferguson cannot accept the proceeds of the sale, keep them, use them, decline to tender them back, and then expect a court of equity to set aside the deed from which he derived a profit. *Stanley v. City of Glennville,* 140 Ga. 306 (2 a) (78 SE 1064) (1913); *Echols v. Green,* 140 Ga. 678 (5) (79 SE 557) (1913); *Smith v. Brown,* 220 Ga. 845 (142 SE2d 262) (1965). As in *Bagwell v. Johnson,* 116 Ga. 464 (2) (42 SE 732) (1902), Ferguson's real complaint is that he allegedly has been victimized by his business partner. He claims entitlement to a larger share of the proceeds of the sale under his oral joint venture agreement with Ullman.

Stripped down to its material facts not in issue, this case amounts to nothing more than the foregoing and, accordingly, the trial court did not err in entering the order granting summary judgment from which the appeal was taken.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 11, 1978 — DECIDED JANUARY 31, 1979 — REHEARING DENIED FEBRUARY 14, 1979.

*Savell, Williams, Cox & Angel, Michael Jablonski, Henry Angel, Austin Catts,* for appellant.

*Falligant, Kent & Toporek, Julian H. Toporek, George M. Rountree,* for appellees.