57720. FERGUSON v. BISHOP et al.

CARLEY, Judge.

On May 9, 1977, Ferguson filed an action against Golf Course Consultants, Inc., Atlantic Land & Development Corporation and the First National Bank of Brunswick to quiet title to certain property in Glynn County located on St. Simons Island. On June 10 Ferguson filed a second action against the above named defendants and James A. Bishop, John A. Stubbs,

Stephen G. Jackson, Coastal Bank of Georgia, William W. Ullman, Ralph Wade, Joyce E. Kitchens, Marine Port Terminals, Inc., Taylor, Bishop & Lee, P.C., as trustee for Marine Port Terminals, Inc., and Ruth K. Ullman alleging that they acted individually or jointly to defraud him by forging his name to a deed purporting to transfer the Glynn County property from him to Golf Course Consultants. At the conclusion of pre-trial discovery this complaint was amended by changing the allegations of fraud against some of the defendants to allegations of negligence and forgery.

Summary judgment was granted to Atlantic and First National in the quiet title action and to Bishop, Stubbs, Jackson, Coastal Bank, Atlantic Land & Development, Marine Port Terminals and Taylor, Bishop & Lee, P.C., in the action for damages.

Ferguson appealed to the Supreme Court enumerating as error the grants of summary judgment in the equity action. An appeal from the remaining order was taken to this court but was transferred to the Supreme Court so that all related issues could be consolidated and decided together; that appeal, however, was returned to this court and we are, therefore, called upon in the instant case to decide whether the grants of summary judgment in the action for damages was error.

The Supreme Court, in affirming the grants of summary judgment in the quiet title action, held: "Ferguson and Ullman had an oral joint venture relating to the subject tract of land. Ferguson had bought the land in his own name from one of Ullman's corporations to help Ullman avoid foreclosure by a lender named Robinson. Ferguson and Ullman orally agreed for another Ullman corporation to develop the land, for Ullman to find a buyer, and for the proceeds to be divided between Ferguson and Ullman when Ullman found a buyer.

"Without first consulting with Ferguson, Ullman signed Ferguson's name on the instrument in question and thereafter told Ferguson about the sale. Ferguson was glad to hear about the sale and to receive a check from Ullman representing part of the proceeds of the sale. Ferguson deposited the proceeds of this check into his personal account and spent at least part of them.

Ferguson thereafter wanted Ullman to pay him additional sums in return for his not raising any issue as to the signature by Ullman. When Ullman refused, this suit was filed. According to Ferguson's own testimony, he neither made an attempt to return the money nor did he tender it to the court.

"Equity will regard the actions of Ferguson in knowingly consenting to the sale in return for financial benefits as a ratification of the signature of Ullman on the deed. [Cit.] Ferguson cannot accept the proceeds of the sale, keep them, use them, decline to tender them back, and then expect a court of equity to set aside the deed from which he derived a profit. [Cits.]" *Ferguson v. Golf Course Consultants,* 243 Ga. 112 (252 SE2d 907) (1979).

The original action, to quiet title, was brought to determine who had title to property conveyed by a warranty deed alleged to be forged. As quoted above, the Supreme Court held that Ferguson, by his actions, ratified the placing of his name on the deed by Ullman. That decision, upholding the grant of summary judgment to two of the three defendants, put an end to Ferguson's claim to set aside the deed for forgery.

The subsequent suit, which is the basis for the instant appeal, sought damages against the three defendants in the original suit and, in addition, eleven other parties; the basis for this suit was that each of the defendants had received financial benefits as the result of the alleged forgery, that each, directly or indirectly through his agents, knew or should have known of the forged deed, or that each had committed an illegal or negligent act which resulted in the alleged forgery taking place without Ferguson's knowledge or consent. It is thus seen that the core of Ferguson's allegations in this case is his right to recover for the alleged forgery of his signature to the deed — the identical issue discussed by the Supreme Court in *Ferguson v. Golf Course Consultants,* supra. Ferguson urges that the Supreme Court decision has no bearing on the issues presented in this appeal. And it is true that in this appeal there are several additional parties-defendant and that the prior appeal was in equity and this is in law. However, it is irrefutable that the *issue* is the same in both appeals — his right to recover for an

alleged forgery of his name to a deed. In the Supreme Court he sought to "recover" the property itself; in this court he seeks damages. In both appeals the issue of forgery is the same and the evidence on that issue is identical. Under these circumstances we disagree with Ferguson's argument that the Supreme Court's *Ferguson* decision has no bearing on this appeal; the holding in that case, that Ferguson ratified the placing of his signature on the deed, is controlling in this appeal. *Stansall v. Columbian Nat. Life Ins. Co.,* 27 Ga. App. 537 (1) (109 SE 297) (1921).

We, therefore, need only determine the legal effect that such ratification has on his right to recover damages from those defendants based upon the alleged forgery of his signature. "A ratification by the principal shall relate back to the act ratified, and shall take effect as if originally authorized." Code Ann. § 4-303. The act here ratified was the execution of the deed under Ferguson's name and, being so ratified, it is as if he originally authorized the placing of his signature on the instrument. Compare *Lancaster v. Daniel,* 178 Ga. 264, 265 (2, 3) (172 SE 916) (1933). Having ratified the execution of the deed in his name, Ferguson may not now deny the validity of that execution and allege that the signature, which he authorized, is a forgery. "A ratification once made may not be revoked." Code Ann. § 4-303; *Harris v. Underwood,* 208 Ga. 247, 250 (4) (66 SE2d 332) (1951). Ferguson may not ratify the execution of the deed under his signature in order to receive the proceeds from the sale and repudiate it so as to recover from these defendants for forgery. Code Ann. § 4-302. It is abundantly clear that "Ferguson's real complaint is that he allegedly has been victimized by his business partner. He claims entitlement to a larger share of the proceeds of the sale under his oral joint venture agreement with Ullman.

"Stripped down to its material facts . . . this case amounts to nothing more than the foregoing and, accordingly, the trial court did not err in entering the order granting summary judgment from which the appeal was taken." *Ferguson,* 243 Ga. at 113, supra.

*Judgment affirmed. Banke, Acting P. J., and Underwood, J., concur.*

ARGUED APRIL 10, 1979 — DECIDED MAY 17, 1979 —
REHEARING DENIED JUNE 26, 1979 — 

*Savell, Williams, Cox & Angel, Henry Angel, Michael Jablonski, Austin Catts,* for appellant.
*J. Thomas Whelchel, Hutto, Palmatary & Magda, Jack S. Hutto, Thomas S. Gray, Jr., Taylor, Bishop & Lee, A. Blenn Taylor, Jr., Lane & Littlefield, Richard W. Littlefield, Jr., Rountree & Martin, George M. Rountree, Julian Toporek,* for appellees.