## 37534. FERGUSON v. ATLANTIC LAND & DEVELOPMENT CORPORATION.

MARSHALL, Justice.

We granted certiorari to review one of the holdings in Division 4 of the Court of Appeals' opinion in *Ferguson v. Atlantic Land &c. Corp.,* 158 Ga. App. 33 (279 SE2d 470) (1981). This case is a continuation of *Ferguson v. Golf Course Consultants,* 243 Ga. 112 (252 SE2d 907) (1979) and *Ferguson v. Bishop,* 150 Ga. App. 469 (258 SE2d 143) (1979).

The basic facts leading up to the present appeal are as follows: Ferguson and Ullman had an oral joint venture relating to

certain property in Glynn County located on St. Simons Island. Title to the property was taken from an Ullman corporation and put in Ferguson's name, and there was an oral agreement between Ferguson and Ullman for Ullman to find a buyer for the property. Without consulting Ferguson, Ullman signed Ferguson's name to a deed purporting to convey the property to Golf Course Consultants, Inc., and the property was later conveyed by Golf Course Consultants to Atlantic Land & Development Corp. When Ferguson was informed about the sale to Golf Course Consultants, he did not raise any objections, but rather he accepted a check from Ullman and appropriated the proceeds to his own use.

When Ullman refused to pay Ferguson additional sums, Ferguson filed suit against Atlantic and others to quiet title to the subject property. Subsequently, Ferguson filed a negligence and fraud suit against Ullman and others for damages arising from the forgery of his name on the deed. The grant of summary judgment to various of the defendants in the quiet-title action was affirmed in *Ferguson v. Golf Course Consultants*, 243 Ga. 112, supra, on the ground that Ferguson had ratified the sale by knowingly consenting thereto in return for financial benefits which he had not returned. The grant of summary judgment to other defendants in the damage suit was affirmed in *Ferguson v. Bishop*, 150 Ga. App. 469, supra, on the same ground.

Atlantic then amended its responsive pleadings by adding, among other things, a three-count counterclaim against Ferguson. Count 1 seeks damages against Ferguson for fraudulent misconduct, consisting of the forgery of his name to the deed; Count 2 seeks damages for malicious use and abuse of process; and Count 3 seeks damages for libel and slander of title. These damages, which Atlantic is seeking to recover from Ferguson, are for expenses incurred in the development of the subject property due to the delay caused by the litigation instituted by Ferguson. The items of damage are: interest payments on the loan used to purchase the property, water meter holding fees, fees for expired building permits, and the increased cost of sewer tap-ins. The superior court granted Atlantic's motion for summary judgment against Ferguson on the questions of liability and damages.

The Court of Appeals reversed the superior court's grant of summary judgment on the question of damages, holding that jury issues were presented on various of the damage items. However, the Court of Appeals affirmed the superior court's grant of summary judgment against Ferguson on the question of liability, holding: "As to plaintiff Ferguson, who has been sued in three counts in defendant Atlantic's counterclaim, and whose actions in bringing the legal

action, the filing of the lis pendens, and otherwise tying up the property so that it could not be developed and sold during the 28 months, although he had prior thereto ratified the transaction, he would be liable for the proven resulting special damages to the bona fide purchaser for value, Atlantic. From our examination of the evidence here and after establishment of the law of the case, the trial court did not err in granting summary judgment that there was no genuine issue as to any material fact concerning liability of the plaintiff Ferguson." 158 Ga. App., supra, at pp. 37, 38. We granted certiorari to determine whether the Court of Appeals correctly held that Ferguson is liable to Atlantic as a matter of law. *Held:*

### Count 1 (Fraud)

1. The proximate cause of the damages for which recovery is presently being sought is the delay in development of the property caused by Ferguson's institution of the present litigation; it cannot be said that the proximate cause of these damages is the forgery of the deed by Ullman, held to be ratified by Ferguson. See generally, 27 EGL 369, Torts § 7 (1974).

Therefore, Ferguson's motion for summary judgment should have been granted on Count 1 of Atlantic's counterclaim.

### Count 2 (Malicious Use and Abuse of Process)

2. "The principal distinction between 'malicious abuse of process' and 'malicious use of process' is that malicious abuse lies for 'wrongfully and unlawfully using legally and properly issued process for a purpose the law never intended it to effect, while the latter action lies for maliciously suing out civil process without probable cause.' [Cits.]" *Wilkinson v. Davis,* 148 Ga. App. 696, 701 (2) (252 SE2d 201) (1979).

(a) " 'Two elements are necessary to an action for the malicious abuse of legal process: first, the existence of an ulterior purpose; and, second, an act in the use of the process not proper in the regular prosecution of the proceeding. Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process.' " *Davison-Paxon Co. v. Walker,* 174 Ga. 532, 536 (163 SE 212) (1932). A counterclaim by a defendant for damages for malicious abuse of process is groundless where, regardless of whether the plaintiff had probable cause to bring the suit, its purpose was an appropriate and lawful purpose for use of a civil complaint. *Ramsey Winch Co. v. Trust Co. Bank,* 153 Ga. App. 500 (5) (265 SE2d 848) (1980).

Although Ferguson's institution of litigation against Atlantic may have been lacking in probable cause, see Div. 2 (b), infra, there are no facts in the record to support any finding other than that the litigation was instituted for a proper and lawful purpose, i.e., to quiet title to the subject property. Cf. *Goodwin Agency, Inc. v. Chesser,* 131

Ga. App. 686 (206 SE2d 568) (1974); *Hodge v. Savannah Office Supply &c. Co.,* 114 Ga. App. 307 (151 SE2d 193) (1966). And the filing of a notice of lis pendens cannot be said to be improper when such notice is filed in the regular course of a proceeding involving the real property to which the notice refers. See Code Ann. § 67-2801; *Hill v. L/A Management Corp.,* 234 Ga. 341 (216 SE2d 97) (1975); *Kenner v. Fields,* 217 Ga. 745 (125 SE2d 44) (1962). See also Div. 3, infra.

Therefore, we hold that Ferguson's motion for summary judgment should have been granted on Count 2 of Atlantic's counterclaim, insofar as Count 2 seeks a recovery for malicious abuse of process.

(b) "[I]n an action for damages for the malicious use of civil process three essential elements must appear, to wit: (1) Malice. (2) Want of probable cause. (3) The proceeding complained of has terminated in favor of the defendants before an action for damages is instituted. [Cits.]" *Ga. Veneer &c. Co. v. Fla. Nat. Bank,* 198 Ga. 591, 609 (32 SE2d 465) (1944). Want of probable cause is a question for the jury. Code § 105-802; *Wilson v. Dunaway,* 112 Ga. App. 241 (7) (144 SE2d 542) (1965). In a case such as this, it would also be within the province of the jury to determine the question of malice. See *Kviten v. Nash,* 150 Ga. App. 589 (5) (258 SE2d 271) (1979).

Therefore, we hold that jury issues are presented on the question of whether Ferguson is liable to Atlantic for malicious use of process. Consequently, both Atlantic's and Ferguson's motions for summary judgment should have been denied on Count 2 of Atlantic's counterclaim, insofar as Count 2 seeks a recovery for malicious use of process.

### Count 3 (Libel and Slander of Title)

3. Material allegations contained in court pleadings are privileged under Code § 105-711, and the privilege extends to the filing of a notice of lis pendens. *Berger v. Shea,* 150 Ga. App. 812 (258 SE2d 621) (1979).

Therefore, Ferguson's motion for summary judgment should have been granted as to Count 3 of Atlantic's counterclaim.

Accordingly, the judgment of the Court of Appeals is reversed insofar as it holds Ferguson liable to Atlantic as a matter of law. The case is remanded for a jury trial on Atlantic's counterclaim against Ferguson for malicious use of process and on the damages which the Court of Appeals has held to present jury issues.

*Judgment reversed and case remanded. Jordan, C. J., Hill, P. J., Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 8, 1981.

*Savell, Williams, Cox & Angel, Henry Angel, Michael Jablonski, Garland, Nuckolls & Catts, Austin E. Catts,* for appellant.
*George Rountree, Julian H. Toporek,* for appellee.