## 65134. FERGUSON v. WADE.

BANKE, Judge.

This appeal is from a grant of summary judgment for the defendant in the latest of a series of related suits by the same plaintiff which have come to this court and the Supreme Court. The record before us does not contain a copy of the complaint but consists only of two depositions and an affidavit of the defendant, two depositions of a witness not a party, the notice of appeal, and the order of the court granting summary judgment. In his brief, the plaintiff asserts that the action is based on the allegedly fraudulent action of the defendant in signing as a witness a blank deed on which his own signature was later forged as grantor. Apparently, the plaintiff sought damages for the loss of his property; however, as previously indicated, the pleadings were not designated as part of the record and are not before us.

Ordinarily, lack of a sufficient record would determine the result of this appeal. However, for the same reasons set out in *Ferguson v. Golf Course Consultants,* 243 Ga. 112 (252 SE2d 907) (1979), and *Ferguson v. Bishop,* 150 Ga. App. 469 (258 SE2d 143) (1979), involving this same plaintiff, it is apparent that the grant of summary judgment to the defendant was proper. The Supreme Court case above cited involved an action by the plaintiff in equity to recover the same property, based on the fact that the deed used to convey the property was forged. The Supreme Court held that his subsequent acceptance of part of the proceeds of the sale constituted a ratification of his signature, barring recovery. Thereafter, the

plaintiff sought damages based on fraud, negligence, and forgery from a number of defendants, including the defendant in this case. In *Ferguson v. Bishop,* supra, this court rejected his argument that the Supreme Court's decision in *Ferguson v. Golf Course Consultants,* supra, was not controlling. Similarly, we now hold that the decision is dispositive of this latest suit. "Having ratified the execution of the deed in his name, Ferguson may not now deny the validity of that execution and allege that the signature which he authorized, is a forgery," *Ferguson v. Bishop,* supra, at 472, and in ratifying the execution of the deed, he must also be held to have ratified the signature of the witness.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED DECEMBER 2, 1982.

*Michael Jablonski,* for appellant.
*George M. Roundtree, Julian H. Toporek,* for appellee.