70903. EPPLE v. PHYSICIAN'S PRACTICE GROUP-MEDICAL
RESEARCH FOUNDATION OF GEORGIA.
(335 SE2d 700)

McMURRAY, Presiding Judge.

Malicious abuse of process. Plaintiff brought suit against defendant in the Superior Court of Richmond County. He alleged that defendant served him with a subpoena to attend an unemployment compensation hearing on May 25, 1982, concerning his patient, Barbara Meadows, a former employee of defendant. Plaintiff alleged he appeared at the hearing only to have it be continued until June 15, 1982. He further alleged he contacted defendant to make arrangements for the payment of an expert witness fee but was informed that he was being asked to appear as a "fact witness," not an expert witness; that he attended the June 15, 1982, hearing but was not called as a witness by the defendant; that the hearing officer was the only person to question him during the hearing; that the hearing officer's inquiries required expert testimony; that defendant "knew it would require expert testimony from the Plaintiff, but wilfully refused to compensate him for his expert witness fee"; that defendant caused the subpoena to be issued with "malicious intent and ill-will" because plaintiff refused to give out information concerning Barbara Meadows in the absence of a signed medical authorization; and, that defendant caused plaintiff to lose substantial time and money because the subpoena interfered with his medical practice. In his prayer for relief plaintiff demanded judgment against defendant for expert witness fees (in the amount of $200), loss of income (in an undetermined amount), "aggravated damages" (in the amount of $25,000) and reasonable attorney fees. Defendant answered the complaint, admitting

that it was subject to the jurisdiction of the court; that it served a subpoena upon plaintiff; and that it was contacted by plaintiff regarding the payment of an expert witness fee. The remaining allegations of the complaint were denied.

Following discovery, defendant moved for summary judgment. The motion was granted and plaintiff appealed. *Held*:

Pretermitting the question whether defendant, a professional corporation, is the real party in interest in this action (as pleaded), we hold that, nonetheless, the trial court properly granted defendant's motion for summary judgment. "The principal distinction between 'malicious abuse of process' and 'malicious use of process' is that malicious abuse lies for 'wrongfully and unlawfully using legally and properly issued process for a purpose the law never intended it to effect, while the latter action lies for maliciously suing out civil process without probable cause.' [Cits.]" *Wilkinson v. Davis*, 148 Ga. App. 696, 701 (2) (252 SE2d 201) (1979). "In malicious abuse of process actions there must be an ulterior motive on the part of the plaintiff to employ the process for a purpose for which it was not designed, *coupled with an improper act* in the use of such process *after it has issued* which amounts to its perversion to some unlawful purpose. [Cits.] Thus, the critical element of *abuse* of civil process is that the action lies for 'improper use of process after it has been issued, not for maliciously causing it to issue.' [Cits.]" *Cooper v. Public Fin. Corp.*, 146 Ga. App. 250, 254 (246 SE2d 684).

A review of the record fails to disclose any facts which would show that the subpoena was not issued and served for a proper and lawful purpose, i.e., to compel the attendance of Dr. Epple at the hearing. Defendant's employees averred that they bore no ill will or malice toward Dr. Epple; that they only sought information concerning the resignation of Barbara Meadows from defendant's employment; that Dr. Epple refused to provide such information; that the Employment Security Agency suggested that they compel Dr. Epple's attendance at the hearing via subpoena; and, that they caused the subpoena to be issued only for the purpose of obtaining the sought after information. Plaintiff presented no contrary evidence to show the existence of a genuine issue of material fact. The mere fact that plaintiff was asked no questions by defendant at the hearing does not demonstrate that defendant used the subpoena for an illegitimate purpose. (Besides, the record shows that plaintiff was extensively questioned at the hearing by the hearing officer.) Likewise, the mere fact that plaintiff was not paid an expert witness fee by defendant fails to demonstrate malicious abuse of process. See generally *Schofield v. Little*, 2 Ga. App. 286, 287 (9) (58 SE 666).

"When a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon

the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." OCGA § 9-11-56 (e). Because plaintiff failed to set forth specific facts showing a genuine issue of material fact for trial, the court properly entered summary judgment against him.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED SEPTEMBER 20, 1985 —
REHEARING DENIED OCTOBER 2, 1985 — 

*Victor C. Hawk*, for appellant.
*A. Montague Miller*, for appellee.